**FILED**
**Dec 12, 2022**
**12:43 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **William Burwick,** | ) | **Docket No.: 2021-01-0705** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Amazon.com, Inc.,** | ) | **State File No.: 47431-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **American Zurich Insurance Co.,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

Mr. Burwick requested medical and temporary disability benefits for facial and neurological injuries. Amazon denied the claim, asserting his injury was idiopathic and did not arise out of his employment. For the reasons below, the Court holds Mr. Burwick is likely to prevail at trial in establishing his entitlement to the requested benefits.

### History of Claim

On June 14, 2021, a hot day, Mr. Burwick loaded packages from Amazon's warehouse into two unairconditioned trailers. Typically, he only loaded packages into one trailer. As he did so, he recalled sweating profusely and feeling lightheaded and slightly dizzy. He then lost consciousness and fell, sustaining facial and neurological injuries.

Mr. Burwick was transported by helicopter to the hospital. His wife told medical providers his history of brain surgeries and postoperative seizures controlled by Depakote. Dr. Daniel Sakaan stated: "Given story of patient collapsing while at work and patient later recalling that he felt hot and presyncopal [sic] I believe the patient likely had seizure induced by overexertion and heat exhaustion."

Dr. Sakaan treated Mr. Burwick's facial lacerations and diagnosed a closed-head injury and closed fractures around his right eye. He referred Mr. Burwick to a plastic surgeon, Dr. Todd Thurston, for the eye fractures and restricted him from operating motor vehicles or heavy machinery until cleared by a neurologist.

1

Later, Mr. Burwick completed an accident report at Amazon. In it, he stated he "had been loading two trailers and noted being very hot and having trouble breathing. [He] had begun to feel lightheaded and dizzy before falling." Amazon gave Mr. Burwick a panel, from which he selected Dr. Natasha Ballard, an urgent care physician.

On June 18, Mr. Burwick told Dr. Ballard that he "passed out due to working in an under air-conditioned dock loading trucks." Dr. Ballard reviewed Amazon notes describing "multiple employees helping [Mr. Burwick] at the time of his injury reported him being unresponsive, jerking, yelling." She said Mr. Burwick needed to be cleared by a plastic surgeon and neurologist before returning to work and concluded causation was "[u]ndetermined."

On the same day, Amazon completed a Notice of Denial and sent a letter to Mr. Burwick stating his claim did not qualify for workers' compensation benefits. Amazon later told Mr. Burwick the denial was based on several witness statements.

After its denial, Amazon authorized Mr. Burwick to see Dr. Thurston for his eye fractures. Dr. Thurston recommended Mr. Burwick return to work on June 22 and, at a follow-up visit, released him from care to return as needed.

Mr. Burwick then sought unauthorized treatment with Dr. Michael Yu, a neurologist with whom he treated after his 2020 brain surgeries. Dr. Yu noted that Mr. Burwick's last seizure was in October 2020. After Mr. Burwick described the June 14 incident, Dr. Yu believed it was "unlikely a seizure." Dr. Yu concluded he "[m]ore likely [had a] syncopal event related to dehydration and excessive heat exposure." Dr. Yu released Mr. Burwick to return to work on June 28 without restrictions.

Amazon terminated Mr. Burwick on June 26 for job abandonment.

Approximately a year later, Amazon sent Mr. Burwick for an independent medical evaluation with Dr. Paul Banick, a pulmonologist, due to his oxygen level at the time of his hospitalization. Dr. Banick concluded that pulmonary disease did not cause the June 14, 2021 syncopal episode and agreed with Dr. Yu's opinion that the episode was caused by dehydration and heat exposure. Mr. Burwick then returned to Dr. Yu, who reiterated his opinion that the incident was not a seizure and "was likely [a] syncopal event related to dehydration and excessive heat exposure."

After Dr. Banick's evaluation, Dr. W.G. Strickland, a neurologist, performed a records review evaluation for Amazon. Dr Strickland disagreed with Dr. Sakaan's opinion because Mr. Burwick's temperature was 97.4 degrees at the time of the incident, and a witness statement said he did not appear to be having heat distress before the incident. He also disagreed with Dr. Yu's diagnosis of a syncopal episode, noting Mr. Burwick

experienced combativeness and a prolonged alteration of consciousness. Dr. Strickland concluded that Mr. Burwick suffered a seizure "likely related to his seizure history secondary to brain tumor/surgery in 2020" and not to his work environment.

At the hearing, Mr. Burwick testified about his past seizures. He suffered one in August 2020 while recovering from craniotomies performed in March and June, and another one in October because he had not consistently taken his Depakote and drank too much caffeine. Mr. Burwick had no seizures after he began taking his medication as directed and reduced his caffeine intake.

Mr. Burwick also testified about his medical treatment and bills. He stated that, other than the visits with Drs. Ballard and Thurston, Amazon did not pay for any treatment he received for the work injury. Mr. Burwick submitted outstanding bills from the following providers: Bradley County Emergency Medical Services, Erlanger Medical Center, Med-Trans, The Plastic Surgery Group, PC, University Surgical Associates, LLC, Dr. Vicente Meja, Middle Tennessee Neurology, and Tennessee Interventional & Imaging Associates.

**Findings of Fact and Conclusions of Law**

To recover benefits at an expedited hearing, Mr. Burwick must show he would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2022).

The threshold issue is whether Mr. Burwick suffered an idiopathic injury or a work injury. An idiopathic injury has an "unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *Frye v. Vincent Printing Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *11 (Aug. 2, 2016) (internal citation omitted). "Cause" in this context "means that the accident originated in the hazards to which the employee was exposed as a result of performing his or her job duties." *Id*. at *12.

For his part, Mr. Burwick presented undisputed testimony that he loaded packages into two unairconditioned trailers on a hot day and experienced lightheadedness, dizziness, and profuse sweating before losing consciousness and injuring himself when he fell. He also introduced medical opinions confirming that he likely suffered a syncopal episode due to his working conditions that day.

Amazon asserted that it properly denied Mr. Burwick's claim four days after the incident occurred based on witness statements suggesting he suffered a seizure. Over a year later, Amazon bolstered its denial with Dr. Strickland's report that Mr. Burwick had a seizure due to his 2020 brain surgeries. Amazon also argued that "[t]here is no record" suggesting "the exterior conditions" constituted a peculiar hazard to the employment.

3

After considering the evidence, the Court finds that Mr. Burwick's manual labor in unairconditioned trailers on a hot day constituted a specific hazard of his employment. Therefore, he is likely to prevail at trial in establishing his injury was not idiopathic.

The Court now turns to whether Mr. Burwick is entitled to medical benefits. He must show, to a reasonable degree of medical certainty, that the June 14, 2021 incident contributed more than fifty percent in causing the need for medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(12).

To determine causation, the Court considers the expert opinions of Drs. Sakaan, Yu, Banick, and Strickland.[1] Drs. Sakaan, Yu, and Banick all agreed that heat exposure triggered either a syncopal event or a seizure. Only Dr. Strickland, who performed a records review, concluded that Mr. Burwick suffered a seizure due to his craniotomies.

In evaluating conflicting expert testimony, a trial court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts." *Brees v. Escape Day Spa & Salon,* 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015).

After considering these factors, the Court finds the causation opinions of Drs. Sakaan, Yu, and Banick to be more persuasive than Dr. Strickland's. Dr. Sakaan examined Mr. Burwick immediately after the work incident. Dr. Yu, a neurologist, treated Mr. Burwick for his past seizures, and he saw him shortly after the incident. Further, Dr. Banick, Amazon's expert, corroborated Dr. Yu's opinion after examining Mr. Burwick. On the other hand, Dr. Strickland did not examine Mr. Burwick but only performed a record review over a year after the incident. Therefore, the Court holds Mr. Burwick is likely to prove at trial that he is entitled to medical benefits.

Regarding past medical treatment, Amazon offered treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A) with Drs. Ballard and Thurston. But it denied his claim before affording Dr. Ballard an opportunity to form an opinion on medical causation, relying solely on lay eyewitnesses' statements. Thus, Mr. Burwick sought treatment on his own. Whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances of each case. *Buchanan v. Mission Ins. Co.,* 713 S.W.2d 654, 656 (Tenn. 1986). Further, "an employer who elects to deny a claim for workers' compensation benefits bears the risk of being held responsible for medical expenses incurred by the employee in the event the court later determines that such benefits were owed." *Barrett v. Lithko Contracting, Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 93, at *8 (Dec. 8, 2016).

---

[1] Dr. Ballard, the panel physician, did not provide a causation opinion.

Here, Mr. Burwick's work injury required helicopter transportation from Amazon to the hospital. Amazon denied his claim four days later. The Court holds that the medical treatment, for which Mr. Burwick submitted records, was reasonable and necessary, and Mr. Burwick was justified in seeking follow-up treatment for his injuries.

Regarding the medical bills, Mr. Burwick's undisputed testimony is that the expenses were incurred for treatment of his work injury. Based on this evidence, the Court holds Amazon must pay the outstanding balances owed to the providers. *See Russell v. Genesco, Inc.*, 651 S.W.2d 206, 211 (Tenn. 1983). Further, the Court designates Dr. Yu as Mr. Burwick's authorized treating physician.

As to temporary total disability benefits, Mr. Burwick must show: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016).

Here, the medical proof shows Mr. Burwick was unable to work due to his work injuries from June 15 to 28, 2021. Amazon terminated him on June 26 for job abandonment before Dr. Yu, a neurologist, released him to return to work. Based on this evidence, the Court finds that Mr. Burwick has proven entitlement to past temporary total disability benefits. Therefore, the Court holds that Amazon must pay Mr. Burwick temporary total disability benefits at the stipulated weekly compensation rate of $264.81, which equates to $529.62.

Finally, Amazon denied the case almost immediately after offering treatment, based on eyewitness, lay impressions of the fall and Mr. Burwick's condition, and without ascertaining an expert opinion on medical causation. This is not a "simple, obvious case," and from the outset it was clear that expert medical evidence would be necessary to determine causation. *See Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991).

Therefore, the Court refers this case to the Compliance Program for consideration of penalty assessments stemming from Amazon's denial and failure to continue to provide medical benefits, as well as any other applicable penalties. *See* Tenn. Code Ann. § 50-6-118.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amazon shall furnish medical care for Mr. Burwick's injuries as required by Tennessee Code Annotated section 50-6-204.

2. Upon presentment of bills by Mr. Burwick or his treating providers, including Dr. Michael Yu, Amazon shall timely pay the charges for past treatment of his work-

related injuries. However, Amazon is not required to pay for treatment Mr. Burwick sought with his primary care provider. Further, Dr. Yu is designated as the authorized treating neurologist.

3. Payment of past due temporary disability benefits in the amount of $529.62 shall be made for the period from June 15 to 28, 2021.

4. The case is referred to the Compliance Program for investigation as outlined above.

5. This case is set for a Status Hearing on Wednesday, February 15, 2023, at 9:00 a.m. Eastern Time. You must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call might result in a determination of the issues without your participation.

6. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance by email to WCCompliance.Program@tn.gov by the compliance deadline. Failure to do so may result in a penalty assessment for non-compliance.

7. For compliance questions, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED December 12, 2022.**


_Audrey Headrick_____
**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of William Burwick
2. Medical bills:
    a. Middle Tennessee Neurology
    b. The Plastic Surgery Group, PC
    c. University Surgical Associates, LLC
    d. Med-Trans
    e. Erlanger Medical Center
    f. Bradley County Emergency Medical Services
    g. Tennessee Interventional & Imaging Associates
    h. Tennessee River Physicians, PLLC
3. Medical records:
    a. Erlanger Medical Center
    b. Dr. Natasha Ballard
    c. Dr. Michael Yu
    d. Dayton Internal Medicine
    e. Dr. Todd Thurston
    f. Dr. Paul Banick
4. Panel
5. Independent Medical Evaluation of Dr. W.G. Strickland
6. Notice of Denial
7. Wage Statement
8. First Report
9. Amazon Accident Report
10. June 17, 2021 email from Mr. Burwick to Mr. Woods
11. June 18, 2021 correspondence from Sedgwick to Mr. Burwick
12. June 23, 2021 correspondence from Ms. White to Mr. Burwick
13. June 26, 2021, and July 7, 2021 email communications between Mr. Burwick and Mr. Woods
14. Medical Waiver and Consent

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Expedited Hearing Brief
5. Notice of Filing Exhibits

**CERTIFICATE OF SERVICE**

I certify that a copy of this Expedited Hearing Order was sent as indicated on December 12, 2022.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Ryan Sarr, Employee Attorney | | X | ryansarr@tawpc.com |
| Matthew Morris, Employer Attorney | | X | mbmorris@mijs.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

/s/Penny Shrum          w/permission JD
_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**